IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK FAGUNDES,

    Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.

No. 2:13-cv-0797 TLN DAD PS

<u>ORDER</u>

On June 10, 2013, plaintiff filed a motion "to extend time for filing reply to opposition to remand . . ." (Doc. No. 17.) No motion to remand, however, has been filed in this action by any party.

On June 14, 2013, this matter came before the court for hearing of defendants' motion to dismiss. At the hearing the undersigned noted that plaintiff had not filed an opposition or statement of non-opposition to defendants' motion. Plaintiff then informed the court that he wished to file an opposition to defendants' motion to dismiss. Accordingly, the undersigned continued the hearing of defendants' motion to July 12, 2013, and ordered plaintiff to file an opposition to defendants' motion on or before June 28, 2013.

/////

1

On June 28, 2013, plaintiff filed an ex parte motion for an extension of time to file an opposition to defendants' motion to dismiss. (Doc. No. 19.) Although plaintiff's filing fails to set forth good cause for the requested extension, in light of plaintiff's pro se status the court will grant plaintiff's request for additional time. However, no further requests for an extension of time to oppose the pending motion to dismiss will be granted absent a persuasive showing of good cause.

On July 5, 2013, plaintiff filed an "EX PARTE APPLICATION" for an order disqualifying the undersigned Magistrate Judge. (Doc. No. 20.) Therein, plaintiff states that he "has never stipulated or consented to hearings by a Magistrate Judge." (Id. at 2.) Plaintiff's motion, however, is not properly notice for hearing in violation of the Local Rule 230. Moreover, plaintiff is advised that in the United States District Court for the Eastern District of California the Clerk of the Court is required to assign each newly opened civil case to a district judge and a magistrate judge pursuant to the court's automated case assignment plan. See Local Rules, App. A(e)(1)-(6). Under Local Rule 302(c)(21), the assigned magistrate judge is required to perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), and (b)(3), "including dispositive motions and matters," in a civil case in which all plaintiffs or all defendants are proceeding pro se. The referral of duties to the assigned magistrate judge in all matters listed in Local Rule 302(c) is automatic pursuant to the rule, and no order of referral is required. See 28 U.S.C. § 631(a) (providing that the judges of the United States district courts "shall appoint United States magistrate judges" in the numbers and within the judicial districts determined by the Judicial Conference); 28 U.S.C. § 636(b)(4) (requiring district courts to establish rules pursuant to which magistrate judges shall discharge their duties). The consent of the parties is not required for referral of duties pursuant to Local Rule 302(c). A decline-to-consent form signed and filed by a party merely records that party's decision not to consent to proceed before a magistrate judge for all purposes.

/////

As the Magistrate Judge assigned to this case, the undersigned is required to address all pretrial matters in this case and will do so. The undersigned will hear argument on all motions noticed for hearing in compliance with Local Rule 230, will address unnoticed requests and inquiries as appropriate, and will conduct a status conference for scheduling purposes, if the case proceeds to that stage. Motions will be resolved by order of the assigned Magistrate Judge when the motion is not dispositive in nature, while motions that are dispositive in nature will be addressed in findings and recommendations issued by the assigned Magistrate Judge, to which the parties may file objections for the assigned District Judge's consideration. It is the assigned District Judge who will make the final ruling on all dispositive motions, and if a trial is conducted, it will be conducted by the assigned District Judge.

Therefore, plaintiff's motion seeking disqualification of the undersigned will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 10, 2013 motion for an extension of time (Doc. No. 17) is denied;

2. Plaintiff's June 28, 2013 motion for an extension of time (Doc. No. 19) is granted;

3. The hearing of defendants' motion to dismiss is continued to **August 9, 2013 at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned.[1] Plaintiff's opposition to defendants' motion to

/////
/////
/////

---

[1] Any party may appear at August 9, 2013 hearing if the party pre-arranges such appearance by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours before the hearing; a land line telephone number must be provided.

dismiss shall be filed on or before July 26, 2013. Defendants' reply shall be filed on or before August 2, 2013; and

    4. Plaintiff's July 5, 2013 ex parte application (Doc. No. 20) is denied.

DATED: July 8, 2013.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\fagundes0797.eot